

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NB:SCF                          *610 Federal Plaza*
F.#2012R00172                   *Central Islip, New York 11722*

March 21, 2012

**By Hand**

John Lo Turco, Esq.
Lo Turco & Martin
434 New York Avenue
Huntington, New York 11743

    Re: United States v. Noorullah Zadran
      Criminal Docket No. 12-168 (DRH)

Dear Mr. Lo Turco:

    Pursuant to Rule 16 of the Federal Rules of Criminal
Procedure, please find enclosed with this letter discovery in the
above-referenced matter.  Please also consider this letter to be
the government's request for reciprocal discovery.

1. <u>Prior Criminal History</u>

    Enclosed with this letter are copies of the defendant's
criminal history and other documents related to his prior
convictions,  Bates numbered 001-020.

2. <u>Statements of the Defendant, Documents and Tangible Objects</u>

    Enclosed please find copies of certain additional
documents, including documents from the Suffolk County Police
Department and documents that contain statements made by or
reflecting information provided by the defendant, Bates numbered
021-022 and 024-032.

    Also enclosed, please find one compact disc, Bates
numbered 033, which contains, among other files, the 911 call
made by the defendant's daughter on December 31, 2011, at
approximately 8:50 p.m.

    Further, the United States is in possession of various
items of physical evidence taken from the defendant's possession

-1-

on December 31, 2011, including the defendant's handgun.  You may
contact me to arrange a mutually convenient time for you to
inspect and/or photograph this material.

3.    Reports of Examinations and Tests

        Enclosed please find a copy of a firearms report
concerning the weapon that was found in your client's possession
or on about December 31, 2011, Bates numbered 023.  The
government will provide you with copies of reports of any
additional examinations or tests conducted in connection with
this case, as they become available.

4.    Expert Witnesses

        The government will comply with Fed. R. Crim. P.
16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in
a timely fashion of any expert that the government intends to
call at trial and provide you with a summary of the expert's
opinion.

        At present, the government anticipates calling an
expert at trial to testify that the firearm recovered from the
defendant was not manufactured in New York.  The government also
anticipates calling an expert at trial to testify that the sets
of fingerprints taken in connection with the defendant's prior
convictions match those of the defendant taken upon his arrest in
this case.

        The identity, qualifications, and bases for the
conclusions of each expert will be provided to you when they
become available.

5.    Brady Materials

        The government is not aware of any exculpatory material
regarding the defendant.  The government understands and will
comply with its continuing obligation to produce exculpatory
material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and
its progeny.

        Before trial, the government will furnish materials
discoverable pursuant to Title 18, United States Code,
Section 3500, as well as impeachment materials.  See Giglio v.
United States, 405 U.S. 150 (1972).

6.   <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Federal Rule of Evidence 404(b).

7.   <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely upon at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

If you have any questions or further requests, please do not hesitate to contact me.

Very truly yours,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York


By:   /s/ Sean C. Flynn
Sean C. Flynn
Assistant U.S. Attorney
(631) 715-7837


Enclosures
cc: Clerk of Court (DRH) (by ECF & without enclosures)